IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAMMY FABIAN, § | |
| § | |
| *Plaintiffs,* § | |
| § | |
| v. § | Civil Action No.  SA-14-CV-141-XR |
| § | |
| CAROLYN COLVIN, Commissioner of the § | |
| Social Security Administration, et. al., § | |
| § | |
| *Defendant*. § | |

**ORDER**

On this date, the Court considered the Magistrate Judge's Report and Recommendation that this case be dismissed for lack of subject matter jurisdiction. Doc. No. 30.  In addition, the Court has reviewed Plaintiff's responses.  Docs. No. 33, 35 & 36.  After careful consideration, the Court adopts the Report and Recommendation and DISMISSES the case WITHOUT PREJUDICE.

**BACKGROUND**

The background facts of Plaintiff's numerous administrative proceedings and federal lawsuits are uncontested and cogently laid out in the Magistrate Judge's Report.  *See* Doc. No. 30.  On February 11, 2014, Plaintiff filed the instant action against: (1) Carolyn Colvin, in her official capacity as Commissioner of the Social Security Administration ("SSA"), (2) Administrative Law Judge Roy Richardson, and (3) Dr. Alfred Jonas, a psychiatrist who testified for the SSA during the course of Plaintiff's administrative proceeding.  Doc. No. 5.

1

In her Complaint, Plaintiff asserts that Defendants collectively: (1) violated her due process rights, (2) tampered with evidence in her social security proceedings, (3) intentionally inflicted emotional distress; and (4) illegally discriminated against her based on her age and family status.  *See id*.  Shortly thereafter, the ALJ issued his decision to deny Plaintiff childhood disability benefits.  As a result, Plaintiff filed a second lawsuit in this Court on April 16, 2014, seeking review of the ALJ's determination.[1]  Both cases were consolidated under this cause number.  Doc. No. 19.

Shortly before these cases were consolidated, Defendants filed a motion to dismiss. Doc. No. 14.  Thereafter, Plaintiff filed a motion to amend her complaint.  Doc. No. 18.  The Magistrate Judge requested supplemental briefing from Defendants regarding whether their original motion to dismiss remained viable as against the Proposed Amended Complaint. Doc. No. 21.  Defendants responded in the affirmative, noting that the court lacked subject matter jurisdiction because the SSA Appeals Council had not decided whether to review Plaintiff's case.  Doc. No. 24.  In light of this response, the Magistrate Judge stayed the case and ordered the SSA to provide monthly updates regarding the Appeals Council's decision. Doc. No. 26.

On July 7, 2014, the SSA notified the Court that the Appeals Council had remanded the case to the ALJ for further proceedings on Plaintiff's childhood disability claim. Subsequently, Plaintiff filed a motion for partial summary judgment seeking interlocutory judicial review of the SSA's actions on her claim.  Doc. No. 29.   On July 10, 2014, the Magistrate Judge issued his Report and Recommendation that the case be dismissed for lack of subject matter jurisdiction.  Doc. No. 30.  On August 5, 2014, Plaintiff filed objections to the

---

[1] The second lawsuit was filed under cause number 5:14cv348-XR.

2

Report and Recommendation.[2]  Doc. No. 35.  As an addendum, Plaintiff seeks Magistrate Judge Bemporad's recusal from this case because he has, in Plaintiff's words, demonstrated socio-economic bias against her.  *Id.*  On August 11, 2014, Plaintiff filed additional objections.  Doc. No. 36.

## STANDARD OF REVIEW

In the event a party objects to a Report or Recommendation by a Magistrate Judge, the District Court is required to conduct a *de novo* review. 28 U.S.C. § 636(b)(1).  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).  Plaintiff has filed written objections to the Magistrate Judge's Report.  Accordingly, the Court will conduct a *de novo* review.

## ANALYSIS

The Magistrate Judge recommends dismissing the case for lack of subject matter jurisdiction.  Doc. No. 30.  The Court agrees with the Magistrate Judge.  It is settled that federal courts only have subject matter jurisdiction to review "final decisions" of the SSA.  42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) (lack of a final decision deprives federal courts of subject matter jurisdiction).  As the Magistrate Judge correctly notes, because Plaintiff's social security claim has been remanded to the ALJ for further consideration, there is no "final decision" such that federal court jurisdiction exists.  *See* 20 C.F.R. §

---

[2] On July 21, 2014, Plaintiff filed initial objections.  Doc. No. 33. However, in these objections Plaintiff stated that she had not received the Magistrate Judge's Report and Recommendation and was instead providing generalized objections to the dismissal of her case.  To ensure that Plaintiff's statutory right to object to a Magistrate Judge's Report was not undermined, the Court ordered that a copy of the Report be mailed to Plaintiff who was granted an extension of time to file new objections, which the Court addresses herein.

404.900(a)(3)(providing that a final ALJ determination is required before an SSA decision can be reviewed as a final judgment); *see also Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (noting that intermediate Appeals Council order remanding case to ALJ was not a final decision).

Unfortunately, it appears clear from the record that Plaintiff's administrative proceedings have not been handled in an efficient manner. Plaintiff suggests in her objections that further proceedings with the ALJ would be "futile… unnecessary, and in contravention of fundamental justice." Doc. No. 35 at p. 7. Frustration with the administrative process does not confer subject matter jurisdiction. Plaintiff has not exhausted her remedies with the SSA and, accordingly, this Court has no jurisdiction to review the SSA administrative proceedings at this time.

Next, the Court turns to Plaintiff's claims for damages. As an agency of the United States, the SSA enjoys sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction" *United States v. Mitchell*, 463 U.S. 206, 212 (1983). 42 U.S.C. § 405 contains limited waiver of sovereign immunity that permits suits challenging final decisions of the SSA. *See* 42 U.S.C. § 405(g) (federal court jurisdiction is limited to "affirming, modifying, or reversing the decision of the Commissioner"). Waivers of sovereign immunity are narrowly construed. *United States. v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992). The waiver contained in § 405 does not expressly waive from immunity Plaintiff's discrimination, evidence tampering, IIED, or due process claims against the SSA. Since a defense of sovereign immunity is jurisdictional, the Court lacks jurisdiction over these claims

as against the U.S. government.  Cf. *Ogrey v. Texas*, 207 F. App'x. 383, 386 (5th Cir. 2006) (sovereign immunity is jurisdictional inquiry).

Moreover, there are no other viable jurisdictional bases for Plaintiff's damages claim against the SSA.  In fact, § 405(h) expressly provides that "no action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28." 42 U.S.C. § 405(h).  Therefore, even though 28 U.S.C. § 1346 (i.e. the Federal Tort Claims Act or FTCA) waives sovereign immunity for certain tort actions against the federal government, Plaintiff is barred by statute from re-casting her claim against the SSA as an intentional tort. *See Monet v. Mathews,* 535 F.Supp.2d 132, 137 (D.C. Cir. 2008) (rejecting attempt to bring intentional tort claim against SSA under FTCA.  In addition, Plaintiff's witness tampering, due process, and discrimination claims arise out of her administrative proceeding and are barred by the Supreme Court's decision in *Weinberger v. Salfi*, 422 U.S. 749, 757-62 (1975) (rejecting attempt to bring substantive claims against the SSA under 28 U.S.C. § 1331).

In her objections, Plaintiff argues that the SSA lacks sovereign immunity under Title VII.  Doc. No. 35 at p. 7.  On August 11, 2014, Plaintiff filed additional objections clarifying that she is pursuing a claim under Title VI and not under Title VII.[3]  Doc. No. 36.  Title VI provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

---

[3] Plaintiff is not an employee of the federal government and therefore cannot bring a claim against it under Title VII.

Plaintiff has not stated a claim upon which relief may be granted under Title VI. Plaintiff is suing the SSA, itself a federal agency, and not an entity that receives SSA funds. This is fatal to Plaintiff's Title VI claim because the statute "does not apply to programs conducted directly by federal agencies." *Halim v. Donovan*, 951 F. Supp. 2d 201, 207 (D.D.C. 2013) (internal quotations omitted); *see also Soberal–Perez v. Heckler*, 717 F.2d 36, 38 (2d Cir. 1983).[4] In addition, Plaintiff does not allege race or national origin discrimination. Although Executive Order 13160 extends Title VI's coverage to "family status," it simultaneously declines to "create any right or benefit, substantive or procedural, enforceable at law by a party against the United States, its agencies, its officers, or its employees." Executive Order No. 13160, § 8-801. Plaintiff alleges discrimination by the SSA on the basis of her family status but does not provide any authority for the proposition that such a claim is cognizable against the government under Title VI.

As a final matter, Plaintiff cannot re-frame this suit against the SSA as a *Bivens* case against either the Commissioner or the ALJ in their personal capacities. *See Schweiker v. Chilicky*, 487 U.S. 412, 427 (1988) (rejecting *Bivens* remedy in actions against SSA). Moreover, even if Plaintiff could do so, both individuals would likely be entitled to a defense of qualified immunity. The same rationale does not apply to Defendant Jonas. Dr. Jonas not a government officer but a private individual who appeared as an expert witness in Plaintiff's administrative proceeding. However, Plaintiff neither affirmatively alleges the jurisdictional basis for her suit against Dr. Jonas, nor does she state claims against him upon which relief may be granted. *See* Doc. No. 6 (citing *Brisoe v. Lahue*, 460 U.S. 325 (1983), for the

---

[4] It is uncontested that the Social Security disability insurance program is administered directly by the SSA.

proposition that claims against Dr. Jonas are barred by witness immunity)).[5]   In her objections, Plaintiff does not challenge the Magistrate Judge's prior conclusion that she has no viable claims as against Dr. Jonas.  Thus, Plaintiff has no viable claims against any of the Defendants at this time.[6]

## CONCLUSION:

Upon completion of a *de novo* review, the Court finds itself in agreement with the Magistrate Judge's conclusion that the case should be DISMISSED WITHOUT PREJUDICE. Plaintiff is advised that, should she wish to do so, she may file a new suit under 42 U.S.C. § 405 in federal court after the SSA issues a final decision in this case. All pending motions are DENIED AS MOOT and the clerk is directed to CLOSE the case.

SIGNED this 13th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] Even were the Court to assume that Dr. Jonas received federal funds for his testimony, Plaintiff would not be able to bring a Title VI claim against him because he is an individual and not an entity. *See Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996) ("Because the proper defendant in a Title VI case is an entity rather than an individual, [defendant] cannot be sued in his individual capacity under Title VI").

[6] Plaintiff's Proposed Amended Complaint does not address any of these jurisdictional issues.  As such, the Magistrate Judge is correct that permitting leave to amend would be futile. Doc. No. 30 at p.8 (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).